IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

EVERETT HUNTER,                )
                               )
    Plaintiff,                 )
                               )
v.                             )    CV 106-58
                               )
                               )
AUGUSTA RICHMOND COUNTY        )
SHERIFF'S DEPARMENT and        )
HEATHER SCHLAGENHAUSER,        )
                               )
    Defendants.                )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Wheeler Correctional Facility in Alamo, Georgia, filed a complaint under Title 42, United States Code, Section 1983. He is proceeding pro se and *in forma pauperis*.

The Prison Litigation Reform Act ("PLRA") requires the Court to screen plaintiff's complaint for the purpose of identifying claims subject to immediate dismissal. 42 U.S.C. § 1997e(c)(1). While pleadings drafted by pro se litigants are construed liberally, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. For the reasons that follow, the Court recommends that plaintiff's complaint be **DISMISSED**.

## I. BACKGROUND

In his complaint, plaintiff alleges that Defendant Schlagenhauser reported that plaintiff was a registered sex offender who had previously been incarcerated on a rape conviction. Plaintiff contends that defendant's report was false and that defendant knowingly communicated the false information to the community through the Augusta Chronicle newspaper. Plaintiff seeks $3,000,000 in damages for injury to his reputation.

## II. DISCUSSION

Plaintiff's complaint should be dismissed because he has failed to allege an injury of a constitutional magnitude. Relief under Section 1983 generally requires that a plaintiff show a physical injury or imminent threat of a physical injury; a plaintiff may not recover under Section 1983 for mental or emotional injury. 42 U.S.C. 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."); see Vinyard v. Wilson, 311 F.3d 1340, 1348 n.13 (11th Cir. 2002) (listing decisions involving de minimis injury). Furthermore, actions alleging defamation of character or injury to reputation are not cognizable in a Section 1983 action. Paul v. Davis, 424 U.S. 693, 710-12 (1976); Von Stein v. Brescher, 904 F.2d 572, 583 (11th Cir. 1990). Accordingly, the Court does not find that plaintiff has stated a viable claim for relief under Section 1983.

## III. CONCLUSION

For the foregoing reasons, the Court finds that plaintiff has failed to state a ground

on which Section 1983 relief may be granted. His complaint should accordingly be **DISMISSED** and this civil action should be **CLOSED**.

SO REPORTED AND RECOMMENDED this 5th day of June, 2006, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE